**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4044**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

RASHARD DEAN BOYD,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:11-cr-00277-MOC-DCK-1)

Submitted:  July 18, 2013          Decided:  July 22, 2013

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Tony E. Rollman, Enka, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashard Dean Boyd pled guilty pursuant to a plea agreement to one count each of conspiracy to commit robbery by threat of force or violence, in violation of 18 U.S.C. § 1951 (2006), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C.A. § 924(c)(1)(A)(ii) (West Supp. 2013), and was sentenced to 235 months in prison. Boyd's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether Boyd received ineffective assistance of counsel. Boyd has not filed a pro se supplemental brief, despite receiving notice of his right to do so, and the Government has declined to file a responsive brief. We affirm.

Counsel questions whether counsel rendered constitutionally ineffective assistance. As counsel recognizes, however, in the absence of conclusive evidence of ineffective assistance of counsel on the face of the record, such claims are not cognizable on direct appeal. United States v. Powell, 680 F.3d 350, 359 (4th Cir.), cert. denied, 133 S. Ct. 376 (2012). Rather, "[c]laims of ineffective assistance of counsel are normally raised before the district court via 28 U.S.C. § 2255[.]" Id. Because the record does not conclusively establish that counsel rendered ineffective assistance, we

2

decline to address this claim on direct appeal.  Although Boyd's claim is premature, he may, of course, reassert it in a § 2255 habeas motion.

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Boyd, in writing, of the right to petition the Supreme Court of the United States for further review.  If Boyd requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Boyd.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>